UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>vs.<br><br>Jagan Bruce,<br>Jason Bruce,<br><br>   Defendants. | CR 12-2519-TUC-DCB (JR)<br><br>**REPORT AND RECOMMENDATION** |

  This matter was referred to Magistrate Judge Rateau for pretrial matters. On July 30, 2012, Defendant Jagan Bruce ("Jagan") filed a Second Motion to Sever. (Doc. 137).[1] Defendant Jason Bruce ("Jason") joined in the motion on August 19, 2013. (Doc. 154). The government filed a Response on August 8, 2013 (Doc. 143). Argument on this motion was heard on September 3, 2013. Jagan and Jason

---

[1] Jagan's initial Motion to Sever Defendant was withdrawn. (Docs. 93, 98). Defendant Tamelia Bruce's Motion to Sever was also withdrawn. (Docs. 137, 157).

1

(collectively "Defendants") were present and represented by counsel. (Doc. 157).[2] Having considered the matter, the Magistrate Judge recommends that Defendants' motions be denied.[3]

Joinder of defendants for trial is proper if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Fed.R.Crim.P. 8(b). There is a preference in the federal system for joint trials of defendants that are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). When defendants are charged with a conspiracy, a joint trial is particularly appropriate because concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants since much of the same evidence would be admissible against each defendant in separate trials. *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified*, 435 F.3d 1248 (9th Cir. 2005).

Here, the Superseding Indictment (Doc. 61) contains eight counts and charges seven individuals. A conspiracy is alleged in count one (to possess with intent to distribute marijuana) and in count six (to commit money laundering). Jagan and Jason are charged in both counts. The conspiratorial period is alleged to have started in June, 2010 and ended in November, 2012.

---

[2] A transcript of this proceeding was prepared. (Doc. 162).

[3] Trial is scheduled for September 10, 2013, and the plea deadline is August 23, 2013; a motion to continue was filed by counsel for Jason. (Doc. 149).

In this case, joinder of Defendants was proper under Rule 8(b) and the court may order severance only if they can show prejudice. Fed.R.Crim.P. 14(a). A defendant carries the heavy burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial. *United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988). The proof of prejudice must be "clear," "manifest," or "undue." *United States v. Gonzalez*, 749 F.2d 1329, 1333 (9th Cir. 1984).

In determining the prejudicial effect of a joint trial, a court must consider: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether defendants can show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *United Fernandez*, 388 F.3d at 1242. Prejudice must be of such magnitude that a defendant is denied a fair trial. *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986).

Here, Defendants argue that the jury will be confused, will not be able to compartmentalize the evidence against each defendant, and will likely lump the two brothers together not knowing which evidence pertains to which defendant. Defense counsel base their argument on the fact that Jagan and Jason are identical twin brothers, have the same last name and the same exact initials. Adding to the confusion, argue counsel, is the fact that Defendants are African American in a

3

1 community where there is not a great African American population and there may
2 not be any African Americans on the jury. Separate from that issue, Defendants
3 argue that government witnesses may not correctly identify each Defendant as they
4 sit next to one another during a multiple-day trial.[4]

5       The government convincingly argues that at trial, the jury can adequately
6 assess the evidence as it comes in as to each Defendant. Since the conspiracy alleged
7 by the government spans from June, 2010, to November, 2012 and numerous overt
8 acts occurred during that time period, some witnesses will testify strictly as to Jagan,
9 who comes in at the tail end, the second half of the conspiracy, and some witnesses
10 will testify strictly as to Jason. Because there is only a little overlap in the middle of
11 the conspiracy, jurors will be able to compartmentalize the evidence as it relates to
12 each Defendant.

13       Apart from the facts not supporting Defendants' position, case law does not
14 support the notion that simply because Defendants look alike, they are entitled to
15 separate trials. *See United States v. Williams*, 809 F.2d 1072, 1084 (5th Cir. 1987)
16 (severance denied where twin brothers found to play entirely different roles in
17 conspiracy); *United States v. Mabry*, 3 F.3d 244, 251 (8th Cir.1993) (severance
18 denied; "[a]lthough both David and Daniel were charged with the same crime, and
19 although some witnesses confused the twins, the events underlying the charges
20 against each of them were distinct, and four government witnesses accurately
21 
22 [4] The Court finds no support for Jagan's argument that oftentimes white people already think all black people look the same, thus compounding the risk of jury confusion.

4

1 identified David in the courtroom and testified to David's PCP distribution
2 activities."), *cert. denied, Edwards v. United States*, 511 U.S. 1020, abrogation on
3 other grounds recognized in *United States v. Sheppard*, 219 F.3d 766, 767 (8th Cir.
4 2000), *cert. denied*, 531 U.S. 1200 (2001).

5   Defendants second argument in support of severance is that if tried together,
6 each Defendant would not be able to aggressively pursue his individual defense,
7 which would presumably be to point the finger at the other. Defenses are mutually
8 exclusive if by accepting one defendant's theory, a jury is required to convict a
9 second defendant. *United States v. Yousef*, 327 F.3d 56, 151 (2nd Cir. 2003); *United*
10 *States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir.1991). To be granted a severance on
11 this basis, "a defendant must show that the core of the codefendant's defense is so
12 irreconcilable with the core of his own defense that the acceptance of the
13 codefendant's theory by the jury precludes acquittal of the defendant." *United States*
14 *v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

15   Here, there is no evidence that Defendants seek to blame one another. In fact,
16 Jagan's attorney stated that while it could happen, because of the fraternal situation,
17 it would be a difficult for either brother to testify against the other and each would
18 feel pressure not to. Neither Jagan nor Jason have proposed any defense, much less a
19 conflicting or antagonistic one, that would be mutually exclusive to the other and
20 would prevent a jury from making a reliable judgment as to their guilt or innocence.

21

22

Defendants cite a number of cases for the proposition that severance is required when one defense theory contradicts another. That is partially true. However, what is also required is that by accepting one defendant's theory, a jury is required to convict a second defendant. *Yousef*, 327 F.3d at 151; *Tootick*, 952 F.2d at 1081. That is just not the case here where the government has alleged a broad conspiracy.[5] *Compare United States v. Mayfield*, 189 F.3d 895, (9th Cir. 1999) (severance proper where counsel for one defendant presented testimony that would not have been admissible against other defendant at a separate trial), T*ootick,* 952 F.2d at 1081 (severance proper where each defendant argued that the other alone committed the assaults), *and United States v. Crawford*, 581 F.2d 489, 491-92 (5th Cir.1978) (severance proper where each defendant claimed the other owned the unregistered firearm).

Even if the Court were to find that Defendants presented antagonistic defenses, any prejudice suffered by a joint trial can be cured by a measure less drastic than severance. The fashioning of remedial steps to minimize prejudice is committed to the sound discretion of a district court. *Yousef*, 327 F.3d at 150. A district court's careful and frequent limiting instructions to a jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial. *Fernandez*, 388 F.3d at 1243. Combined with its

---

[5] If the government can prove by a preponderance of the evidence the existence of the conspiracy and that the statements were made during and in furtherance of the conspiracy, then co-defendant statements would be admissible whether Jagan and Jason are tried jointly or separately. *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006).

1 detailed instructions on the law governing conspiracies as well as on the substantive
2 violations, the court in *Fernandez* found the following instruction more than
3 sufficient to guard against the possibility of prejudice:

> [A] separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against the defendant separately. Your verdict on any count as to any defendant . . . should not control your verdict on any other count or as to any other defendant.

*Fernandez,* 388 F.3d at 1242.

In this case, so long as the trial court gives the jury a strong and repeated cautionary instruction, jurors will be sufficiently able to keep separate the evidence relevant to Jagan and Jason and avoid spillover and the possibility of prejudice. *Zafiro*, 506 U.S. at 539.

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.1, Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, DENY Defendants Motions to Sever. (Docs. 137, 154).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10)

7

days within which to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: CR 12-2519-TUC-DCB. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 9th day of September, 2013.

Jacqueline M. Rateau
United States Magistrate Judge