**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-12-2519-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jagan Bruce, Jason Bruce, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendants' Motion to Sever.(Docs. 137, 154.) Before the Court are a Report and Recommendation, Objections and Response to Objections.[1] The Magistrate Judge recommends that the Court deny the motion to sever and reasoned, as follows:

> Joinder of defendants for trial is proper if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Fed.R.Crim.P. 8(b). There is a preference in the federal system for joint trials of defendants that are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). When defendants are charged with a conspiracy, a joint trial is particularly appropriate because concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants since much of the same evidence would be

---

[1] The Court has determined that it will not require oral argument to resolve this matter.

      admissible against each defendant in separate trials. *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified*, 435 F.3d 1248 (9th Cir. 2005).

(R&R, Doc. 163 at 2.)

    Objections were filed by both Defendants. (Docs. 166, 168.) The Objections argue that the R&R ignores the problems associated with both Defendants being identical twins, having the last name, having the same initials and being African American. This is the Defendants second motion to sever. (Doc. 93.) The first motion was denied as moot with leave to refile.

    The general rule, especially in conspiracy cases, is that persons jointly indicted should be tried together. *Zafiro v. United States*, 506 U.S. 534 (1993); *U.S. v. Mayfield*, 189 F.3d 895 (9th Cir. 1999). When assessing the merits of a severance motion, the trial court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy. Severance should be granted only if the defendant can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his or her defense. *U.S. v. Sherlock*, 865 F.2d 1069 (9th Cir. 1989).

    The Government argues:

> [That] the notion that Jagan Bruce might be mistaken for his brother Jason Bruce should they both proceed to trial together is misguided. The brothers while twins, look quite different...but more importantly, the government intends to prove conduct/overt acts committed by the brothers separate and distinct from each other within the same conspiracy. There is no authority to support the idea that co-defendants that may physically resemble each other is a basis for severance. The Ninth Circuit held in *United States v. Gonzales*, 749 F. 2d 1329, 1336 (9th Cir. 1984):
>
> > "antagonism between defenses is not enough to [mandate severance], even if the defendants seek to blame one another...Rather it must be shown, on the facts of the

2

> individual case, that the defenses are antagonistic to the point of being mutually exclusive. Only where the acceptance of one party's defense will preclude the acquittal of the other party does the existence of antagonistic defenses mandate severance."
>
> The prime consideration in assessing the prejudicial effect of a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants. *Id*.1336. In the instant matter, Jagan Bruce's criminal conduct goes beyond the November 19, 2012 incident where both he and his sister were arrested for possession with intent to distribute nine kilograms of marijuana. Even if Jagan Bruce were to accuse his sister as the sole possessor of those nine kilograms, it does not address his additional criminal conduct within the conspiracy. Co-defendants Tamelia Bruce and Jason Bruce have made no indication that their defenses would be mutually exclusive to that of Jagan Bruce. There has been no showing by the defendant that a jury could not "assess his guilt or innocence on an individual and independent basis." *United States v. Tootick*, 952 F.2d at 1082.

(Doc. 143 at 5-6.)

The Court concludes that a jury can adequately assess the evidence as it comes in as to each Defendant and that the "jurors will be able to compartmentalize the evidence as it relates to each Defendant." (Doc. 163 at 4.) The Defendants do not fulfill the heavy burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial. Fed.R.Crim.P. 14(a); *Zafiro v. United States*, 506 U.S. at 541.

### ORDER OF THE COURT

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Report and Recommendation (Doc.163) is **ACCEPTED** and **ADOPTED** by this Court as the findings of fact and conclusions of law.  The Objections (Docs. 166, 168) are **OVERRULED**.

//

//

3

**IT IS ORDERED** that Defendants' Motion to Sever (Docs. 137, 154) is **DENIED**.

DATED this 31st day of October, 2013.

David C. Bury
United States District Judge